In the Matter of the Appraisal under the Acts in Relation to Taxable Transfers of. Property of the Estate of ANNA COCHRANE BOSHART, Deceased.

EUGENE M. TRAVIS, Appellant; JOHN BOSHART, Ancillary Executor, etc., of ANNA COCHRANE BOSHART, Deceased, Respondent.

Fourth Department, July 1, 1919.

**Tax — transfer tax — intangible property — contract by non-resident to convey land situate in this State — equitable conversion — effect of default in payment by vendee.**

A contract to sell land situate in this State, executed by a vendor who resided and died in a foreign State which contract was in her possession in said State and passed under her will, which was not executed in such form as to pass title to real estate in this State, is, under the rule of equitable conversion, intangible property as defined by section 220 of the Tax Law and is not taxable.

Since the vendee's right to require a deed had never been terminated prior to the death of the decedent vendor, notwithstanding said vendee's default in making payments, and he could have compelled a specific performance, it should be held for the purpose of a taxable transfer that the interest of the vendor under the contract was personal property, and that the fee of the land which passed to a nephew under our statutes of descent had only a nominal value.

APPEAL by Eugene M. Travis, as Comptroller of the State of New York, from an order of the Surrogate's Court of the county of Lewis, entered in the office of said Surrogate's Court on the 24th day of February, 1919, affirming a prior order entered upon the report of the transfer tax appraiser fixing the transfer tax in this estate.

*Harry W. Cox,* for the appellant.

*George S. Reed,* for the respondent.

FOOTE, J.:

The decedent Anna Cochrane Boshart died April 5, 1917, a resident of Grand Forks, N. D.   She was the vendor in a and contract made March 15, 1911, by which she contracted

to sell to one Schloop and wife certain real property situate in Lewis county, N. Y. The contract was in her possession in North Dakota. This contract passed under her will, and the question is whether it or the land is subject to the transfer tax in this State as " tangible property " of decedent within this State. The surrogate has held that it is not taxable, that its situs is in the State of North Dakota and that it is "intangible property " as defined in the Tax Law.

I think the surrogate was right in the decision he reached.

By section 220 of the Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], as amd. by Laws of 1916, chap. 323)* a tax is imposed upon the transfer by will or under the intestate laws of the State of the property of a decedent resident of the State both tangible and intangible; but as to non-resident decedents a tax is imposed upon the tangible property in this State and certain intangible property specified, being shares or other interests in corporations, joint stock companies or associations, or interests in partnership business, but such an interest as that held by the vendor in a land contract for the sale of lands in this State is not included.

By section 243† definitions are given of the words " tangible property " and " intangible property " as follows: " The words ' tangible property ' as used in this article shall be taken to mean corporeal property such as real estate and goods, wares and merchandise, and shall not be taken to mean money, deposits in bank, shares of stock, bonds, notes, credits or evidences of an interest in property and evidences of debt. The words ' intangible property ' as used in this article shall be taken to mean incorporeal property, including money, deposits in bank, shares of stock, bonds, notes, credits, evidences of an interest in property and evidences of debt."

If decedent's interest in the property which is the subject of the land contract or her interest under that contract is tangible property in this State within the above definition, then it is taxable; otherwise not. Prior to the making of the contract decedent owned this land and if she continued to own

* Since amd. by Laws of 1919, chap. 626.— [REP.

† Amd. by Laws of 1911, chap. 732, and Laws of 1916, chap. 551. Since amd. by Laws of 1919, chap. 626.— [REP.

it until the time of her death, the transfer occurring at her death would be a taxable transfer.

The surrogate has applied the rule of equitable conversion and his opinion reviews the authorities and the statutes in support of his view. I need not cover the ground which he has well covered. But there are other aspects of the question which he has not considered. It appears that the will was not executed in such form as to pass title to real estate in this State. It does pass title to the land contract and the debt represented thereby. The nephew, Joseph E. Bowman, a resident of this State, inherited the fee under our statutes of descent. The title he thus received was subject to the land contract and in assessing the value of the interest transferred to him the land contract must be treated very much as a mortgage on the property would be treated. This nephew, as the surrogate finds, will receive from the proceeds of the land contract, which has since been paid in full, the sum of $515.84. The surviving husband, John Boshart, will receive $4,108.51, and seventeen other legatees named in the will will receive each a small sum. But the sum the nephew receives will be received not because he has the fee of the land but because as legatee he gets that sum out of the proceeds of the debt due the testator at the time of her death under this land contract. So it seems to me the land must be treated as if it was subject to a mortgage of $5,106.93, which amount is also the value of the land as stipulated. Thus the transfer of the fee to the nephew transferred nothing of taxable value.

It is stated in respondent's brief that the vendee has paid over to the executor the full amount owing under the land contract and received a deed from the executor. I assume that this had not occurred at the time this proceeding was before the surrogate, but the fact does not appear, although if it had occurred it may have been considered as immaterial. It may be pertinent, however, upon the question as to whether the vendee, not having paid anything on the principal before the decedent's death, the possible failure to complete his purchase on the part of the vendee might be considered in valuing the interest which the nephew received with his title.

The only other question to which attention need be called is as to the effect upon the rule of equitable conversion of the

fact that the vendee under this contract was in default, that the whole principal had become due for some time before decedent's death, and that nothing had ever been paid on the contract except the semi-annual interest. In *Williams* v. *Haddock* (145 N. Y. 144) Judge PECKHAM considers the question as to whether the rule of equitable conversion holds good after the vendee has made default in his payments, although the question was not involved in that case as there had been no such default; but he seems to hold that after default the rule is different than before, especially when time of payment is made of the essence of the contract. In that case the agreement provided that in case of default " all interest in the said premises and all right and claim to a conveyance thereof shall *ipso facto* cease and determine absolutely and the premises shall be delivered over to the party of the first part." In our case the contract provides that " time is of the essence of this contract," but the effect of default in making payments seems to be limited to giving the vendor power after thirty days to declare the whole amount due and payable and to the forfeiture of payments already made as liquidated damages. There is no provision that such defaults shall bring the contract to an end unless it is implied in the words, " time is of the essence of this contract."

As I understand the law, notwithstanding the vendee's default, his right to complete his payments and require a deed had never been terminated prior to the death of decedent. Under these circumstances it seems to me that as he could have compelled specific performance, for the purpose of taxable transfer it should be held that the interest of the vendor under the land contract was personal property and that the fee of the land which passed to the nephew had only a nominal value.

The order is affirmed, with costs.

All concurred.

Order affirmed, with costs.