JANE ALLEN and Others, Surviving Partners, Doing Business under the Firm Name and Style of GEORGE ALLEN & SON, Respondents, v. PFALTZ & BAUER REALTY CO., INC., Appellant.— Judgment affirmed, with costs. We are of opinion that the property, the subject of this action, was not subject to the lien of a transfer tax because of the death of one of the copartners, because the property was partnership property and title thereto at the time of the execution of the contract was, and ever since has been, vested in the plaintiffs, respondents, as copartners. (Partnership Law, § 12.) Even if plaintiffs with their deceased partner held as tenants in common, the transfer of the undivided interest of Robert J. Allen would not be taxable, for the reason that he died after the making of the contract, and his share of the amount due upon the contract, under section 202, subdivision 9, of the Surrogate's Court Act, must be regarded as intangible property. (*Matter of Russell*, 119 Misc. 12; *Matter of Boshart*, 107 id. 697; affd., 188 App. Div. 788.) The restrictive covenant which the defendant claimed plaintiffs violated by the erection of a garage upon the northeast corner of the property expired within three months of the closing date, and we regard this objection as frivolous. In any event, all possible objections to the title were cleared before the trial, and there is no claim by the defendant that conditions have changed since the closing date, justifying the defendant, appellant, in claiming that the trial court should have refused to exercise its broad equity power. Lazansky, P. J., Young, Hagarty and Seeger, JJ., concur; Carswell, J., concurs upon the ground that all possible objections to the title were cleared up before

the trial, and there is no claim by appellant that since the closing date conditions have so changed as to justify a claim that the trial court should have refused to exercise its equity power.