In the Matter of the Estate of AMY B. LAWRIE, Deceased.

Surrogate's Court, New York County, February 29, 1952.

*Herbert C. Pentz* for Bankers Trust Company, as executor of Amy B. Lawrie, deceased, for motion.

*Hamilton McInnes* and *Frank Gioeli* for State Tax Commission, opposed.

FRANKENTHALER, S. This is a motion by the executor to amend a tax order of April 26, 1950, which fixed the estate tax pursuant to a compromise agreement effected under section 249-o of the Tax Law.

Decedent died April 9, 1948, and a dispute over her domicile resulted in a compromise agreement entered into by the State of Massachusetts, the State of New York and the executor on June 22, 1949.

The agreement provided that the State of Massachusetts would receive 60% of the inheritance and estate tax imposed by that State and the State of New York would receive 40% of the Massachusetts tax but not in excess of the total amount of the tax which would have been imposed had decedent died domiciled in New York.

On April 26, 1950, a consent order fixing the tax pursuant to the compromise agreement was signed by this court. The amount so determined was the tax that would have been due the State of New York had decedent died domiciled here. The executor now claims that the tax was erroneously computed in that a proper deduction was omitted and he seeks to amend the order accordingly. The State Tax Commission opposes the application.

Section 249-o of the Tax Law reads as follows: " Where the tax commission claims that a decedent was domiciled in this state at the time of his death and the taxing authorities of another state or states make a similar claim with respect to their state or states, the tax commission may enter into a written agreement with such taxing officials and with the executor that a certain sum shall be accepted in full payment of the tax imposed by this article, provided that said agreement also fixes

the amount to be paid to such other state or states in full payment of the death taxes thereof. Full power and authority is hereby conferred upon the executor to enter into the agreement provided for herein. Upon the filing of such agreement or duplicate thereof with the surrogate's court which would have jurisdiction to assess the tax imposed by this article if the decedent had died domiciled in this state, an order fixing tax shall be made in accordance with such agreement, *and such order, except as hereinafter provided, shall finally and conclusively fix and determine the amount of tax imposed by this article, without regard to any other provision of the laws of this state.* In the event the aggregate amount payable under such agreement to the states involved is less than the maximum credit allowable to the estate against the United States estate tax imposed with respect thereto, the executor forthwith shall also pay to the tax commission so much of the difference between such aggregate amount and the amount of such credit, as the amount payable to the tax commission under the agreement bears to such aggregate amount ''. (Emphasis supplied.)

The executor contends that as the amount of tax payable to the State of New York was computed on the assumption that decedent died domiciled in this State, the order is comparable to the regular *pro forma* tax order and therefore can be modified pursuant to subdivision 6 of section 20 of the Surrogate's Court Act and section 249-aa of the Tax Law.

The *pro forma* order is entered by the Surrogate acting in a ministerial, rather than judicial, capacity. Such order may be appealed to the Surrogate acting in a judicial capacity (6 Warren's Heaton on Surrogates' Courts, §§ 20.9, 20.10), or it may be amended or modified (*Matter of Weiss*, N. Y. L. J., July 7, 1936, p. 66, col. 5, affd. 250 App. Div. 837, affd. 275 N. Y. 618; *Matter of Ford*, 198 Misc. 69, appeal dismissed 278 App. Div. 1029; *Matter of Brown*, 172 Misc. 413; *Matter of Wallin*, 168 Misc. 667). In either event the order is treated as an estimate which can subsequently be adjusted by the Surrogate.

An order pursuant to section 249-o is different in character. It is not made upon a report in the nature of an estimate, but is rather based upon an agreement among the interested parties adjusting the various claims and determining the amount of tax to be allocated between the states. The executor is given " full power and authority * * * to enter into the agreement ''. When the agreement is filed with the Surrogate's Court, the Surrogate must then issue an order confirming such compromise.

After the order has been made, it "finally and conclusively" fixes the amount of tax due "without regard to any other provision of the laws of this state". In using such language, the Legislature has unequivocally stated that after the making of an order in accordance therewith, said order is conclusive upon the parties and no further proceedings with respect thereto may be had. It is difficult to conceive of language which would more clearly express this purpose. The provisions of the law upon which the executor relies are expressly declared inapplicable.

If any party to the agreement is permitted to modify the confirming order over the objections of the other parties, the statutory requirement of finality will be effectively abrogated. As the agreement is untainted by fraud, it is binding upon all the parties thereto, and the executor's motion is denied.

Submit decree on notice.