Pierson R. Hildreth, S.
This is an appeal by the executors from the pro forma order determining estate tax. The appeal presents the question of whether the value of real estate in Connecticut, and vyhich was owned by a New York partnership of which decedent was a member, was properly included as part of decedent’s gross estate subject to New York estate tax under section 249-r of the Tax Law.
Decedent died October 25, 1956. His gross estate exceeded $12,000,000. Included in the gross estate is the value of decedent’s interest in a New York partnership which had been formed between decedent and one of his sons, Harry Waldron Havemeyer, by agreement dated September 11, 1952. At that time decedent owned a one-third undivided interest in a parcel of about 441 acres of vacant and unimproved real estate in Connecticut referred to as the Mianus Ridge Property.
The partnership agreement recites that it was formed for the purpose of ‘ ‘ investing in certain real estate known as the Mianus Ridge Property and taking such action in connection with the investment as may be appropriate.” Decedent contributed his one-third interest in the land together with certain cash to the partnership capital, and the son contributed an equivalent in cash.! The agreement further provided that other capital contributions be made equally, that upon sale of any parcels the purchase price be allocated equally, that expenses and profits be shared equally, and that the partnership terminate on death of either or upon written notice of either.
After formation the partnership acquired title to all of the land. Decedent conveyed his interest to himself and his son, described the grantees as “ co-partners in business under the firm name of Havemeyer and Havemeyer ’ ’. The remaining interests were acquired by deeds which also conveyed the land to decedent and his son also similarly described as copartners. During the existence of the partnership no improvements were made except an access road. The only sale of any land was in August, 1956 when a portion was sold.
Decedent left a will which was admitted to probate in New York. An exemplified copy was filed in Connecticut. Under *587 paragraph ‘1 ninth ’ ’ of the will decedent gave 1 ‘ all of my interest in the partnership of Havemeyer and Havemeyer, to my son, Harry Waldron Havemeyer, or if he shall not survive me to his issue surviving me in equal shares per stirpes.” By the will decedent gave his residuary estate to his two sons equally.
Connecticut had not adopted the Uniform Partnership Act up to the time of decedent’s death. The executors made a Connecticut succession tax return. They treated decedent’s interest in the partnership land in Connecticut as an undivided one-half interest which under Connecticut law passed to the devisee, Harry Waldron Havemeyer (who is also the partnership copartner) under paragraph “ ninth ” of the will. The decedent’s undivided one-half interest in such land was valued for Connecticut tax purposes at $163,750, and the executors paid the Connecticut succession tax.
In New York for purposes of estate tax the executors upon the estate tax return excluded the value of the Connecticut land, and valued decedent’s interest in the partnership at $38,892.89. The appraiser, however, included the value of the Connecticut land, and has valued decedent’s interest in the partnership at $202,642.90. This represents the value of decedent’s one-half interest in the partnership, inclusive of the value of the Connecticut land, substantially as shown by the partnership books as of the date of death and as returned upon the Federal estate tax return.
It is the contention of the executors that the inclusion of the value of the Connecticut land in determining the value of decedent’s interest in the partnership for New York estate tax was error, and that it has caused an erroneous overvaluation of $163,750 with a consequent overpayment of tax in the amount of $23,974.82. Their contention is that under Connecticut law the land was owned by decedent and his son as tenants in common subject only to partnership obligations; that on death decedent’s interest as such tenant in common passed by will to his devisee; that under section 249-r of the Tax Law out-of-State real estate is expressly excluded from the gross estate of a New York decedent; that such section of the Tax Law should be declared unconstitutional if not interpreted (a) so as to exclude from decedent’s gross estate the value of his interest in real property in Connecticut subjected to tax in Connecticut as an interest in real estate, and also if interpreted (b) as authorizing the application of New York Partnership Law to the determination of the nature of the interest of a New York resident in partnership land in Connecticut.
*588 The contention of the State Tax Commission is that all assets of the partnership, including the land in Connecticut, must be included in fixing the value of decedent’s interest in the partnership; that such interest is an intangible taxable in New York; that the provisions of New York Partnership Law apply and control; that under section 12 of such law all property brought into the partnership including the Connecticut land became partnership property; that under section 51 of such law the partnership property including the Connecticut land, at least insofar as New York State is concerned, was not held as tenants in common, but was held as tenants in copartnership with title vesting in the survivor on death; and that the decedent’s entire interest in the partnership is to be considered as intangible personal property subject to New York estate tax. It relies strongly upon Blodgett v. Silberman (277 U. S. 1) as supporting its contention.
In valuing decedent’s estate for New York estate tax purposes may the value of the Connecticut real estate be included under the circumstances of this case? The determination of this question, in the opinion of the court, raises the issue of whether New York Partnership Law can or does have the extraterritorial effect of making foreign real estate personalty as between the estate of the deceased partner and the surviving partner for which the surviving partner is accountable even though under the law of the State of the situs the interest of the deceased partner in such real estate remains land and does not vest in the surviving partner as such.
Section 249-r of the Tax Law provides:
“ § 249-r. Gross, estate. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated (except real property situated and tangible personal property having an actual situs outside this state):
“ 1. To the extent of the interest therein of the decedent at the time of his death ’ ’.
Section 12 of the Partnership Law provides in part: “ 12. Partnership property. 1. All property originally brought into the partnership stock or subsequently acquired, by purchase or otherwise, on account of the partnership is partnership property. ’ ’
Section 51 of the Partnership Law provides in part:
“ § 51. Nature of a partner’s right in specific partnership property. 1. A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.
*589 1 ‘ 2. The incidents of this tenancy are such that: * * *
“ (d) On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose.”
As to partnership real estate in Connecticut, however, it is the law of Connecticut which governs the nature of its ownership, succession or devolution of title, disposition by will, whether there has been an equitable conversion, and all other incidents of ownership. The law of the situs governs, and not the law of another State which may be the owner’s domicile. (Pond v. Porter, 141 Conn. 56 [1954]; Matter of Good, 304 N. Y. 110 [1952]; Restatement, Conflict of Laws, adopted by the American Law Institute [1934 ed.], § 208: “ Whether an interest in a tangible thing is classified as real or personal property is determined by the law of the state where the thing is ”; § 223: “ An interest in land can be transferred by operation of law only by the law of the state where the land is ”; § 240 :“A court of one state cannot by its decree create an equitable interest in land in another state ”; see, also, §§ 209, 221, 239, 245, 249.)
At the time of decedent’s death partnership real estate in Connecticut was subject to the American common-law rule that in the absence of any agreement, express or implied, to the contrary, partnership real estate retains all ordinary incidents of real property except to the extent necessary to satisfy partnership obligations. The partners under such rule are tenants in common of the partnership real estate subject to partnership equities (Morgan v. Sigal, 114 Conn. 39 [1931]).
The rule as stated in Barrow v. Calkins (154 N". Y. 503, 514-515 [1897]) was: “ in the absence of any agreement, express or implied, between the partners to the contrary, partnership real estate retains its character as realty with all the incidents of that species of property between the partners themselves and also between a surviving partner and the real and personal representatives of a deceased partner, except that each share is impressed with a trust implied by law in favor of the other partner, that so far as is necessary it shall be first applied to the adjustment of partnership obligations and the payment of any balance found to be due from one partner to the other on winding up the partnership affairs. To the extent necessary for these purposes the character of the property is in equity deemed to be changed into personalty. On the death of either *590 partner, where the title is vested in both, the share of the land standing in the náme of the deceased partner descends as real estate to his heirs, subject to the equity of the surviving partner to have it appropriated to accomplish the trust to which it was primarily subjected.” The legal incidents remain, equitable conversion arises only to the extent required to satisfy partnership equities, or to the extent the partners themselves indicate by their agreement that they intend to have the real estate treated in equity as personalty.
If decedent’s interest in the partnership, so far as the partnership real estate in Connecticut is concerned, is considered to be an interest in real property outside the State it is not subject to New York estate tax. Such interest is expressly excluded from the gross estate of a resident decedent under the provisions of section 249-r of the Tax Law. It was held in Matter of Swift (137 N. Y. 77 [1893]) that real estate in New Jersey was not subject to New York succession tax, and the court there stated it would incline against a construction of the tax statute which might lead to double taxation. In Matter of McKinlay (166 N. Y. S. 1081,1082 [1917]) a New York decedent wag a member of an Illinois partnership which owned real estate in Illinois. Finding that under the common-law rule such real estate in that case had retained its character as real estate the court stated: “ As real estate situated in a foreign state is not subject to a transfer tax in this state * * * the decedent’s interest in the partnership real estate situated in Illinois is not subject to a transfer tax in this state.” In Matter of Phelps (159 Misc. 92, 96 [1936]) the court held that the equitable interest of a New York decedent in real estate situated in Pennsylvania should not have been included as part of decedent’s estate subject to tax in New York. Referring to a contention that there had been an equitable conversion of land into personalty the court stated that even if equitable conversion to personalty had resulted that “ such doctrine would not be applicable and should not be invoked merely to subject the property to an estate tax.”
H, on the other hand decedent’s entire partnership interest including the value of the Connecticut real estate is regarded as an intangible it could be subject to tax at the domicile. (Graves v. Schmidlapp, 315 U. S. 657 [1942].) That the law of the situs of partnership real estate governs to determine the nature of the interest of a partner in such real estate is showm by Blodgett v. Silberman (277 U. S. 1 [1927], supra). In that case it was held that Connecticut could validly impose a succession tax upon the interest of a Connecticut decedent in a New *591 York partnership which owned real estate in New York. The court stated that under both the agreement in that case as well as under the New York Partnership Law the decedent’s interest in the partnership assets was an intangible consisting of a right to receive a sum of money equal to his share of the net value of the partnership after settlement. In the Blodgett case the court thus applied the law of the situs of the partnership real property to determine the nature of the interest of the deceased partner in the partnership real property. In that case, under the New York Partnership Law so applied, the decedent’s interest in such specific partnership property was by law of the situs an intangible because legal title to such partnership property vested in the surviving partner who had the obligation to account to the representative for its value. The entire obligation was thus the intangible subject to tax by the State of decedent’s domicile. It does not seem to the court that the Blodgett case stands for the reverse proposition that the domicile could subject to tax the interest of the deceased partner as to partnership real estate which by the law of its situs retained its character as real estate.
Therefore, it seems that whether the partnership real estate in Connecticut is to be regarded as real estate owned by the partners as tenants in common is to be determined by the law of the situs of the real estate and not by the law of the domicile of the deceased partner. Since out-of-State real estate is excluded from the gross taxable estate under section 249-r of the Tax Law, it seems to the court that in valuing the decedent’s interest in the partnership the nature of the assets must be considered. If such assets include real estate which under the law of the situs is real estate which devolves as such to the decedent’s devisee or distributee, then the value of such real estate should be excluded in determining the value of decedent’s partnership interest subject to estate tax in New York.
Assuming that decedent and his son, as partners, could, if they so intended, effect an equitable conversion of the partnership real estate in Connecticut for all purposes by their own agreement it does not seem to the court that the evidence in this case supports any such finding. The agreement itself is wholly silent as to any accountability of the surviving partner to the representative of the deceased partner for the value of the Connecticut real estate. There has been no dealing in real estate as merchandise. There was only a single sale. That the value of the realty was carried on the partnership books as a partnership asset is not inconsistent with the doctrine that it retained its character as real estate with title vested in the two partners *592 as tenants in common subject only to partnership equities and with decedent’s such undivided one-half interest passing on death to his devisee.
That the doctrine of equitable conversion of out-of-State real estate should not be invoked merely to subject it to tax in the State of decedent’s domicile has been indicated under several New York decisions. (Matter of Swift, 137 N. Y. 77, 86, supra; Heymann v. Viane, 252 N. Y. 159, 166.) The factual situation in the present case seems quite different from that existing in Buckley v. Doig (188 N. Y. 238 [1907]). In that case partnership real estate had been bought and sold for 25 years as merchandise, it was found as a fact that the partners intended an out and out conversion for all purposes, the agreement itself provided for sale of all real property on dissolution, and the partners had treated all partnership realty as merchandise over a period of years. Nevertheless, the court there stated (this being before the adoption of the Partnership Law) that New York had adopted the theory of equitable conversion only insofar as necessary to adjust partnership equities, that the matter of conversion as between heirs and the personal representative depends upon intention, and that in the absence of any expressed intention to that effect it would not be presumed that real estate was converted to personalty just because it was bought with partnership funds, and that in the absence of finding an intent or agreement that partnership real estate be considered personalty for all purposes it should be treated as personalty for partnership purposes only.
The State Tax Commission urges that the decision in Matter of Finkelstein (40 Misc 2d 910 [1963]) supports its contention here. In that case the court denied an application to modify a pro forma tax order after the time to appeal had apparently expired. The modification sought was a reduction in the value of decedent’s interest in certain partnerships to eliminate the value of foreign realty owned by the partnerships on the ground that an error of law had been made. The partnerships owned land in Ohio and in Florida. Ohio had adopted the Uniform Partnership Law, Florida had not. The inference from the decision seems clear that the application before the court was denied on the ground that upon the facts present in that case the court considered .that under the law of each respective State the title to the land had vested in the surviving partner with the result that the representative of the deceased partner possessed only a right to receive decedent’s share in the entire assets found due on an accounting; that such right or its value was an intangible which included the value of the foreign real *593 estate, that such intangible was subject to tax and thus no error had been made in the pro forma tax. That the court applied the law of the situs to determine the nature of decedent’s partnership interest seems indicated by the statements made by the court. Referring to the law of Florida, the court states that it would be assumed to be the same as the law of New York which it stated was probably the same as under the act (referring to the Partnership Law). Then, referring to a point that Ohio had taxed the land the court said (p. 915): “ This is hard to understand, since Ohio has adopted the Uniform Partnership Law and New York would not do the same in the reverse situation ’ ’. It thus seems that the court found that under the law of each situs State decedent’s interest in the partnership land was an intangible, hence it was within the power of the State of decedent’s domicile to tax decedent’s entire intangible interest. The case does not determine, nor was the issue before it, whether the interest of a deceased partner in a partnership owning forign real estate which under the law of the situs was not an intangible but was an interest in real estate could properly include the value of such real estate in the gross estate subject to tax by the domicile. Neither did the court construe the Partnership Law as to whether the obligation of the surviving partner to account includes accountability for the value of foreign real estate which under the law of the situs does not pass to the surviving partner as such, but which is regarded as belonging to decedent as a tenant in common passing directly to his devisee.
It seems to the court that New York Partnership Law (§ 51, subd. 2, par. [d]), in providing that the interest of a partner in specific property of the partnership vests on death of a partner in the survivor must be limited in its effect to real estate in this State and that it does not have the extraterritorial effect of changing title to foreign real estate contrary to the law of the situs. No New York case has been brought to the attention of the court squarely holding that New York Partnership Law per se effects an equitable conversion of foreign real estate owned by the partnership, or that the survivor is accountable for the value of such real estate if he does not obtain title to it on death of the other partner. Nor does the Tax Law make any such provision and in the construction of tax law it is strictly construed.
Intangibles can constitutionally be subject to estate taxation in more than one State. (State Tax Comm. v. Aldrich, 316 U. S. 174.) Perhaps constitutionally a tax could be imposed by the domicile State on a deceased partner’s interest valued by inclu *594 sion of value of foreign partnership real estate. (See Curry v. McCanless, 307 U. S. 357.) But the Tax Law as presently written excludes the value of a decedent’s interest in foreign real estate. If a chang’e is to be made it is a matter for legislation.
It therefore seems to the court that the interpretation of section 51 of the Partnership Law must be that it vests in a surviving partner title only to such partnership property as passes to him by operation of law on death of the other partner. This excludes title to property which by law of situs passes directly to the deceased partner. Likewise, the obligation of the surviving partner to account cannot extend for more than the value of the partnership assets to which title has been obtained as surviving partner upon the death of the other partner. It is such obligation which is the intangible chose in action, and the asset of the estate of the deceased partner for tax purposes. It represents the right of decedent’s estate to recover from the surviving partner the value of decedent’s interest in the partnership after partnership obligations are taken care of. The obligation arises because under statutory law (in New York) upon the death of one partner the surviving partner as such and in that capacity, thereupon becomes vested with the full title to certain partnership assets. The premise does not hold however to the extent that title to certain partnership assets may not have or do not vest in the surviving partner as such.
Upon death of decedent in this case the title to the whole partnership real property in Connecticut did not pass to or vest in the surviving partner. Each partner under the law of the situs owned an undivided one-half interest as tenant in common. Decedent’s one-half interest passed to and vested in the devisee to whom he devised it by his will. Title to the other undivided one-half interest remained in the surviving partner. After probate in New York, decedent’s will or an exemplified copy of it was filed in Connecticut. Had there been no will or no will valid under Connecticut law to make the testamentary disposition, then decedent’s undivided one-half interest would have passed under the intestacy statutes of Connecticut. It is the capacity under which the taker becomes the owner of the deceased partner’s interest which is important. The devisee here acquired decedent’s interest in such partnership real property, not because he is a surviving partner, but because he is the devisee of such property under decedent’s will. That in this case he is also the surviving partner is coincidental. If decedent had so wished he could have devised his undivided interest in the land to someone else in which event the surviving partner as such would have possessed only *595 Ms own undivided interest as a tenant in common with the new owner of decedent’s interest.
It may be that the partners themselves could agree that the surviving partner should become obligated to pay the estate of the decedent the value of decedent’s partnership interest including all assets wherever located and of whatever nature and even though the survivor did not become vested with title thereto.
Accordingly, the court determines that upon the facts in this case it was error to include the value of decedent’s one-half interest in the Connecticut partnership real estate in determining the value of decedent’s intangible interest in the partnership. The appeal is sustained. The tax should be redetermined accordingly.