■ In the Matter of the Estate of HORACE HAVEMEYER, Deceased. STATE TAX COMMISSION, Appellant; HORACE HAVEMEYER, JR., et al., as Executors of HORACE HAVEMEYER, Deceased, Respondents.— In a proceeding pursuant to statute (Tax Law, art. 10-C) to fix the amount of the estate tax to ·be assessed against the decedent's estate, the State Tax Commission appeals from an order of the Surrogate's Court, Suffolk County, entered May 6, 1964 which: (1) directed that the value of decedent's interest in certain real property located in Connecticut owned by decedent and his son as tenants in common, subject to partnership equities, be excluded from the gross estate subject to tax under the provisions of the Tax Law; and which (2) fixed the amount of the estate tax accordingly. Order affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to modify the order by directing: (a) that the value of decedent's taxable interest in the partnership of Havemeyer & Havemeyer be fixed at $202,642.90, instead of $38,892.90; and (b) that the estate tax be fixed accordingly; and to affirm the order as thus modified, with the following memorandum: In my opinion, decedent's interest in the partnership realty in Connecticut should have been included in the net taxable estate for the following reasons: (1) Under New York statutory law (Partnership Law, §§ 51, 52), decedent was not a tenant in common in the Connecticut realty; that realty was merely an asset of the partnership, with decedent owning only his share of the partnership surplus; and this interest of decedent was not out-of-State realty, excluded

from New York estate tax, but rather personalty — an intangible or a chose in action — subject to New York estate taxation. (2) Under New York common law, partnership realty is deemed equitably converted into personalty if "such was the intent of the partners either as evidenced by express agreement or fairly deducible from facts and circumstances" (*Buckley* v. *Doig,* 188 N. Y. 238, 244; see, also, *Darrow* v. *Calkins,* 154 N. Y. 503, 514–516). In the case at bar, there is sufficient evidence that the partners intended that the Connecticut realty be considered as *personalty* and that they be *not* considered tenants in common in it as realty, since: (a) the deed was taken in their names as "copartners" in business under the firm name of Havemeyer & Havemeyer; (b) the deed was so drawn despite the advice of Connecticut counsel that, in his opinion, partners are tenants in common under Connecticut law and such a deed might consequently be ineffective in certain respects; (c) the partnership agreement was made in New York, by New Yorkers who presumably knew New York law and who obviously drew the agreement and deed in light of New York law, for they chose to ignore the above-mentioned advice of Connecticut counsel, and deliberately phrased the deed in a form which was acceptable in New York and would make the parties, under New York law, not tenants in common but merely partners entitled to share in the general partnership surplus; (d) when decedent drew his will, he did not devise a specific interest in the realty to his son Harry, but instead, bequeathed to him all his interest in the partnership, along with bequests of certain stocks, and he then divided the residue of his estate equally between his two sons; and (e) if decedent had considered himself a tenant in common in the Connecticut realty, he undoubtedly would have devised it specifically to his son Harry, as otherwise an anomalous situation might have arisen wherein his interest as tenant in common might have fallen into the residuary and might have been divided between his two sons instead of going only to his son Harry. (3) Under *Blodgett* v. *Silberman* (277 U. S. 1, 10–12), our determination whether the partnership realty be considered excludable out-of-State realty, or an includible intangible or personalty, is controlled by New York law. In *Blodgett (supra)*, the court upheld a Connecticut estate tax on a Connecticut decedent's entire interest in a *New York* partnership owning realty in New York and Connecticut. So holding, the court said: (a) that the Connecticut estate tax (similar to that in New York) is not a tax upon property, but only upon the right to succeed to a decedent's property, or, differently stated, upon the passing of property as the result of death; and (b) that the State of a decedent's domicile can tax the transfer of intangible property even if the evidence of such property is outside the State. The court then applied New York statutory and common law, and held that the Connecticut decedent's entire interest in the New York partnership was merely a right to share in the firm's net value; and that this was a chose in action and an intangible taxable by the State of the decedent's domicile. A reading of the court's opinion in *Blodgett (supra)* discloses that it applied New York law *solely* because the partnership therein involved was a New York partnership, organized in New York and doing business in New York. It did *not* apply New York law merely because some of the firm's realty happened to have a New York situs; to the contrary, the court flatly applied its "intangibles" statement, its reasoning, and its analysis of New York law to the decedent's entire interest in the partnership, without distinguishing between the New York realty and the Connecticut realty. In the case at bar we have a New York partnership, organized in New York, with its place of business in New York, and operated by New York residents. *Blodgett* accordingly requires that we apply New York law. (4) Even if we were to apply Connecticut law, the Connecticut realty

should be included in the taxable estate as part of decedent's interest in the partnership, since Connecticut law on the question here in dispute seems to be the same as the statutory law of New York (see *Beecher* v. *Stevens,* 43 Conn. 587; *Van Derlip* v. *Van Derlip,* 149 Conn. 285). For all of the foregoing reasons, I believe it was error for the learned Surrogate to exclude the value of the partnership's Connecticut realty from the taxable estate. [42 Misc 2d 585.]