Van Voobhis, J.
The State Tax Commission appeals from an order excluding from the gross estate certain real property located in Connecticut owned by the decedent and his son which has been taxed in Connecticut. Perhaps an error was made in imposing an inheritance or succession tax on this real estate in Connecticut which was not reviewed in the Connecticut courts. With that we are not, however, concerned on this appeal.
*219 Decedent and Ms son were partners. The partnersMp agreement was made in New York State, between residents of New York, subject, necessarily, to the New York State PartnersMp Law, which enacted the Uniform Partnership Law in this State. It is a fundamental principle that “All contracts are made subject to any law prescribing their effect, or the conditions to be observed in their performance; and, hence, the statute is as much a part of the contract in question as if it had been actually written into it, or made a part of the stipulations.” (Strauss v. Union Cent. Life Ins. Co., 170 N. Y. 349, 356.) Sections 12 and 51-52 of the New York Partnership Law, in force when this partnership agreement was executed, became a part of the agreement. Section 12 provides that all property originally brought into the partnership or subsequently acquired is partnership property. Section 51 states that a partner is co-owner with his partners of specific partnership property holding as a tenant in partnership, and that the incidents of this tenancy are such that “(d) On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose.”
Section 249-r of the Tax Law, of course, exempts from the New York Estate Tax “ real property situated and tangible personal property having an actual situs outside tMs state ” to the extent ‘1 of the interest therein of the decedent at the time of his death ”.
Whatever may have been the law in New York prior to adoption of the Uniform Partnership Act, under the terms of the act specific partnership real estate is converted into personal property and, on the death of a partner, passes to the other partner under the partnership agreement (Matter of Finkelstein, 40 Misc 2d 910). Prior to adoption of this statute, what became of partnership real property on the death of a partner was sometimes debatable. If the business of the partnership had been trading in real estate, it was regarded as having been converted into personalty for the purposes of the partnership by mutual agreement of the partners, and on the death of one *220 of them passed to his next of kin instead of to his heirs at law (Buckley v. Doig, 188 N. Y. 238). In Darrow v. Calkins (154 N. Y. 503) it was said that in the absence of any agreement, express or implied, between the partners to the contrary, partnership real estate retains its character as realty, with all the incidents of that species of property, between the partners themselves and also between a surviving partner and the real and personal representatives of a deceased partner, except that each share is impressed with a trust implied by law in favor of the other partner that so far as is necessary it shall be first applied to the adjustment of partnership obligations and the payment of any balance found to be due from the one partner to the other on winding up the partnership affairs. Nevertheless it was held in the Barrow case, prior to the adoption of the Uniform Partnership Law, that an intention was there manifested in the agreement between the partners that the partnership lands should be treated and administered as personalty for all purposes. And effect was given thereto.
The New York State common law was thus to the effect that in the absence of a contrary intent, implied from circumstances or expressed in the partnership agreement, lands descended to the heirs at law of a deceased partner subject to payment of the partnership debts and adjustments of existing equities as between the partners. That, as was held below, may be assumed to be the law of Connecticut where the Uniform Partnership Law has not, as yet, been adopted (Morgan v. Sigal, 114 Conn. 39). Although, as pointed out in Matter of Finkelstein, the legal concept of a partnership as an entity has gained force, we recognize that the Connecticut law should govern inasmuch as this real property is located in Connecticut. The common law of Connecticut is, quite evidently, similar to what was the common law of New York before the enactment of the Partnership Law. In Connecticut, it was said in Steinmetz v. Steinmetz (125 Conn. 663, 666-667): “ While the fact that a partnership exists between parties in whose names the title to real estate stands will not of itself prevent them from being regarded as tenants in common therein (Sigourney v. Munn, 7 Conn. 11, 18), much depends upon their understanding and intention; circumstances such as purchase with partnership funds, and the course of *221 their conduct and dealings, such as the carrying of income or expenses in the partnership accounts, are significant and may be determinative of status as a partnership asset. McKinnon v. McKinnon, 56 Fed. 409, 413; Johnson v. Hogan, 158 Mich. 635, 651, 123 N. W. 891; Fairchild v. Fairchild, 64 N. Y. 471, 477; Providence v. Bulloch, 14 R. I. 353; 47 C. J. 760; 1 Rowley, Modern Law of Partnership, §§ 282, 283.”
This renders clear that intention is the touchstone of the Connecticut common law, as it was of the New York State common law before being superseded by statute. The brief for the respondents recognizes “ that a case might be taken out of the general rule of Darrow v. Calkins ” and an equitable conversion into personal property for all purposes of the partnership ‘ ‘ by proof that it was the intention of the partners that on dissolution the property should be converted ‘ out and out ’ into personalty. ” As to intention the Surrogate said, as respondents’ brief points out, that this partnership agreement “ is wholly silent as to any accountability of the surviving partner to the representative of the deceased partner for the value of the Connecticut real estate.”
That touches the heart of the issue. Unfortunately for respondents, this agreement was made in New York State subject to the New York State Partnership Law which, as we have seen, contains express provisions converting partnership real estate into personalty and providing that on death it shall pass to the surviving partner or partners as tenants in partnership. That is read into the contract as though it had been expressly stated therein. The traditional rule has been that matters bearing upon the execution, the interpretation and the validity of contracts are governed by the law of the State where the contract was made (Swift & Co. v. Bankers Trust Co., 280 N. Y. 135,141; Union Nat. Bank v. Chapman, 169 N. Y. 538, 543; Employers’ Liab. Assur. Corp. v. Aresty, 11 A D 2d 331). That rule, no longer to be slavishly followed, nevertheless still signifies that the place where a contract is made is a significant contact in applying the center of gravity rule of Auten v. Auten (308 N. Y. 155). Not only was this contract made in New York, but also it was between New York State residents, one of whom has died and his estate is being administered in Suffolk County. *222 Under the grouping of contacts criteria of the Auten case, the significant contacts here are with New York State. The devolution of the property of this New York State testator would normally be governed by the law of this State, and the partnership agreement would normally be interpreted in accordance with the law of the State where it was made.
Intention is, of course, the dominant factor, as was explained in detail in the opinion by Chief Justice Taft for the United States Supreme Court in Blodgett v. Silberman (277 U. S. 1, 11-12), quoting from Darrow v. Calkins (154 N. Y. 503, 515-516, supra), as follows: “ ‘ It is, however, generally conceded that the question whether partnership real estate shall be deemed absolutely converted into personalty for all purposes, or only converted pro tanto for the purpose of partnership equities, may be controlled by the express or implied agreement of the partners themselves, and that where by such agreement it appears that it was the intention of the partners that the lands should be treated and administered as personalty for all purposes, effect will be given thereto. In respect to real estate purchased for partnership purposes with partnership funds and used in the prosecution of the partnership business, the English rule of “ out and out ” conversion may be regarded as properly applied on the ground of intention, even in jurisdictions which have not adopted that rule as applied to partnership real estate acquired under different circumstances and where no specific intention appeared. The investment of partnership funds in lands and chattels for the purpose of a partnership business, the fact that the two species of property are in most cases of this kind, so commingled that they can not be separated without impairing the value of each, has been deemed to justify the inference that under such circumstances the lands as well as the chattels were intended by the partners to constitute a part of the partnership stock and that both together should take the character of personalty for all purposes, and Judge Denio in Colhmib v. Read [24 N. Y. 505] expressed the opinion that to this extent the English rule of conversion prevailed here. That paramount consideration should be given to the intention of the partners when ascertained, is conceded by most of the cases/ ”
*223 In Blodgett v. Silberman, Connecticut was allowed to tax as intangible personal property a decedent’s interest in a partnership which held real estate and also personal property having a situs in New York State.
The court regarded it as immaterial whether succession to the property there involved was also taxable in another jurisdiction saying (p. 10): “As to that we need not inquire. It is not the issue in this case. For present purposes it suffices that intangible personalty has such a situs at the domicil of its owner that its transfer on his death may be taxed there.”
In Matter of Finkelstein (supra) it was said at page 915: “Petitioner makes the point that the Ohio real estate has already been taxed there. This is hard to understand, since Ohio has adopted the Uniform Partnership Law and New York would not do the same in the reverse situation. (Allen v. Pfaltz & Bauer Realty Co., 227 App. Div. 666.) However, it is not the issue here. (Blodgett v. Silberman, supra, p. 10.) And double taxation is not necessarily to be avoided by the courts. (State Tax Comm. v. Aldrich, 316 U. S. 174, 181.) ”
If the partnership property is held to be taxable in New York State, the question becomes academic whether partnership liabilities for the maintenance of the Connecticut real estate are deductible. If the value of the real property is included in the valuation of the partnership assets, manifestly these items are deductible.
If this real estate had been owned by decedent individually, it would of course have been exempt from the New York estate tax (Tax Law, § 249-r; Matter of Swift, 137 N. Y. 77). Instead, it was expressly deeded to the partnership, and the partners were careful to see that it was purchased with partnership capital.
The case of Matter of McKinlay (166 N. Y. S. 1081 [1917]) was in any event superseded by the Partnership Law enacted as chapter 39 of the Consolidated Laws by chapter 408 of the Laws of 1919.
The order appealed from should be reversed and the value of the Connecticut real estate included in the evaluation of the partnership.