566 P.2d 1348

**ARIZONA TRACTOR COMPANY, an Arizona Corporation, Appellant,**

**v.**

**ARIZONA STATE TAX COMMISSION, John M. Hazelett, L. Waldo DeWitt, and Bob Kennedy, Arizona State Tax Commissioners, Appellees.**

**No. 1 CA–CIV 3312.**

Court of Appeals of Arizona,
Division 1,
Department C.

July 19, 1977.

Evans, Kitchel & Jenckes, P. C. by Dean C. Short, II, Phoenix, for appellant.

Bruce E. Babbitt, Atty. Gen. by Frank L. Migray, Mary Z. Chandler, Asst. Attys. Gen., Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

The sole issue to be determined by this appeal is whether the losses (income) incurred by a domestic corporation's ownership in a limited partnership doing business in another state are deductible (taxable) on the domestic corporation's Arizona income tax return.

The facts giving rise to this issue are not in dispute. During the fiscal tax years of 1969, 1970 and 1971, appellant, Arizona Tractor Company (Arizona Tractor), an Arizona corporation, deducted from its Arizona income tax its proportionate share of losses incurred by a partnership known as Brendon Way Co., which owns an apartment complex in Indianapolis, Indiana. Arizona Tractor is a 99% limited partner owner in Brendon Way Co.

The appellee, Arizona State Tax Commission (Commission) proposed to assess deficiencies on Arizona Tractor's income tax return for the years 1969, 1970, 1971, on the basis that the proportionate share of the

losses of Arizona Tractor as a limited partner in Brendon Way Co. were not proper deductions on its Arizona income tax return. Arizona Tractor protested the proposed deficiency and the Tax Commission denied the protest. Arizona Tractor then instituted this action in Maricopa County Superior Court to contest the proposed assessment. On cross motions for summary judgment, the trial court entered judgment in favor of the Tax Commission and Arizona Tractor has appealed.

The Tax Commission concedes that if the income derived by Arizona Tractor as a limited partner in Brendon Way Co. is taxable by the state of Arizona, then Arizona Tractor may properly deduct its proportionate share of losses sustained from that same source. Thus, the question directly presented is whether income derived by an Arizona corporation by reason of its ownership in a limited partnership which owns real property outside the state is taxable by the state of Arizona.

A.R.S. § 43–135(g) provides in part:

"When the income of a corporation subject to the tax imposed under this title [income tax] is derived from or attributable to sources both within and without the state, the tax shall be measured by the net income derived from or attributable to sources within this state."

In this case it has to be admitted that if the limited partnership made a profit in Indiana, this profit would be derived from a "source outside the state." Arizona Tractor argues, however, that its interest in the limited partnership is "intangible personal property", and because of Tax Commission Regulations R–15–2–135–8, such income must be considered to be derived from sources within this state and thus losses are properly deductible. Regulation R–15–2–135–8 provides in part as follows:

"(a) * * *

"In the case of corporations organized under the laws of this State . . . all income hereinafter noted from interest on notes, bonds, accounts receivable and other indebtedness . . . dividends on stock on both domestic and foreign banks and corporations, and *all other income from intangible personal property*, including gains derived from the sale or other disposition of such property, *is income from sources within this state unless the property is so used in connection with a business carried on outside this state as to have acquired a business situs outside this State.*" (emphasis added).

We agree with Arizona Tractor that its partnership interest in the Brendon Way Co. is "intangible personal property." *Blodgett v. Silberman*, 277 U.S. 1, 48 S.Ct. 410, 72 L.Ed. 749 (1928); *In Re Finkelstein's Estate*, 40 Misc.2d 910, 245 N.Y.S.2d 225 (1963). Therefore, income derived from such intangible personal property is to be considered as income from a source within this state, unless that intangible personal property interest has "acquired a business situs outside this State." Commission Regulation R–15–2–135–8, *supra*.

While the Commission regulations do not define "business situs" in the context of out of state businesses, they do define that term in relation to in state businesses:

"Intangible personal property has a business situs in this State if it is employed as capital in this State or the possession and control of the property has been localized in connection with a business, trade or profession in this State so that its substantial use and value attach to and become an asset of the business, trade or profession in this State." Commission Regulation R–15–2–135–8.

To determine whether Arizona Tractor's interest has acquired a business situs outside the state, using the definition quoted above, three determinations are necessary: (1) what is the nature of a partnership for income tax purposes; (2) what is the nature of Arizona Tractor's interest in the limited partnership; and, (3) what is the tax liability, if any, of Arizona Tractor to the State of Indiana for income derived from the limited partnership.

Turning to the first determination, the character of a partnership for tax pur-

poses is unique. As was stated in *United States v. Basye*, 410 U.S. 441, 93 S.Ct. 1080, 35 L.Ed.2d 412, reh. den'd 411 U.S. 940, 93 S.Ct. 1888, 36 L.Ed.2d 402 (1973):

"The legislative history indicates, and the commentators agree, that partnerships are entities for purposes of calculating and filing informational returns but they are conduits through which the taxpaying obligation passes to the individual partners in accord with their distributive shares." (citations omitted) *Id.* 410 U.S. at 448, fn. 8, 93 S.Ct. at 1085, fn. 8, 35 L.Ed.2d at 419, fn. 8.

This concept is codified in A.R.S. § 43–171(a) which provides "[a]n individual carrying on business in partnership is liable for income tax only in his individual capacity."

■ Thus, the character of the gain or loss of the reporting entity (the partnership) retains the same character as a gain or loss to the taxpayer (individual partner), *see* A.R.S. § 43–171(c). If the character of the reportable loss or gain is determined at the situs of the partnership, then it is logical that this same situs should be used in fixing the situs of the taxpayer's interest. In this regard, we specifically reject the Commission's contention that the nature of the partnership business is conclusive in determining the situs question, that is, rental of Indiana real property. This result occurs not because of the type of business the partnership conducts, but rather because of the taxable nature of the partnership itself.

■ As to the second determination, it is undisputed that Arizona Tractor owns a 99%[1] limited partnership interest in Brendon Way Co. As a limited partner, Arizona Tractor's rights in the assets of the partnership are greater than that of a mere shareholder in a corporation. *See Magan Medical Clinic v. California State Bd. of Medical Exam.*, 249 Cal.App.2d 124, 57 Cal.Rptr. 256 (1967). It has the right to seek dissolution of the partnership (Uniform Limited Partnership Act, § 11 (1969); Ind.Code Anno. § 23–4–2–11 (Burns)) a right to share in the profits of the partnership (Uniform Limited Partnership Act, § 15 (1969); Ind.Code Anno. § 23–4–2–15 (Burns)) and upon dissolution, a return of contribution and a share in the partnership assets, (Uniform Limited Partnership Act, § 23 (1969); Ind.Code Anno. § 23–4–2–23 (Burns).) Because of the nature of these rights, they have, in our opinion, become "localized in connection with a business . . . [outside] this State so that its substantial use and value attach to and become an asset of the business . . . [outside] this State." Commission Regulation R–15–2–135–8.

■ Finally, we think it important in determining whether the "intangible personal property interest" has acquired a business situs outside the state, to ascertain whether the income generated by that personal property interest would be taxed by the state where the income is generated. This is so, for it appears to be the public policy of Arizona to avoid taxation of the same income by more than one state. *See* A.R.S. § 43–128 (allowing Arizona residents a credit for taxes paid to another state); A.R.S. § 43–114 (taxing nonresidents only on income from sources within this state or which has acquired a business situs in this state); A.R.S. § 43–135(g) (excluding from corporate income; income derived from sources outside the state.)

■ It is clear that the income derived by Arizona Tractor on its limited partnership interests in Indiana would be taxed by the state of Indiana. Ind.Code Anno. § 6–3–2–2 (Burns) provides in part:

"(a) With regard to corporations and non-resident persons 'adjusted gross income derived from sources within the state of Indiana' for the purposes of this article . . . shall mean and include income from real or tangible personal property located in this state; income from doing business in this state; income

---

1. *See* Rev.Proc. 74–17, 1974–22 Int. Rev. Bulletin 17, requiring, for federal income tax purposes, that the general partners must own at least 1% of the partnership.

from a trade or profession conducted in this state . . . ." [2]

We therefore conclude because of the taxable nature of a partnership, the nature of a limited partner's interest and the public policy of this state that Arizona Tractor's "intangible personal property interest has acquired a business situs outside this state" within the meaning of Tax Commission Regulation R–15–2–135–8 and is thus not taxable by the State of Arizona. From this conclusion it necessarily follows that losses from such an acquired business situs are likewise not deductible on Arizona income tax returns.

The judgment of the trial court is affirmed.

OGG, J., and FROEB, C. J., Division 1, concur.

2. Compare Arizona Tax Commission Regulation R–15–2–114–2 which provides that "Income from sources within this State includes income from real or tangible personal property located in this State . . . ; income from a business, trade or profession carried on within this State . . . ."