■ In the Matter of W. MASON SMITH et al., Appellants, v NEW YORK STATE TAX COMMISSION, Respondent.—Per Curiam. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered March 14, 1985 in Albany County,

which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent sustaining a personal income tax assessment imposed under Tax Law article 22.

The facts are not in dispute. In 1974, petitioner Jane P. Smith (Mrs. Smith), a resident of this State, received an accumulations distribution of $248,744 from a trust established under the will of her father. Prior to making this distribution, the trust paid $24,902 in fiduciary income taxes to Massachusetts. The father had died a domiciliary of Massachusetts. The trust was administered in Massachusetts and did not contain any assets within this State.

In 1974, Mrs. Smith filed Federal and New York joint income tax returns with her husband, petitioner W. Mason Smith. Although petitioners included the accumulations distribution as income on their 1974 Federal tax return, they did not include those amounts in their 1974 New York tax return. An audit of petitioners' 1974 income tax return was conducted by the Department of Taxation and Finance. The auditor determined that petitioners should have included $273,646 in their New York taxable income, representing the money distributed to Mrs. Smith plus the taxes paid by the trust. Petitioners were subsequently issued a notice of deficiency in the amount of $41,047 plus interest. Petitioners agreed that the entire distribution to Mrs. Smith was properly included in their adjusted gross income. They contended, however, that they should have received a credit for the $24,902 which was paid by the trust as fiduciary income tax to Massachusetts.

Petitioners paid the entire amount of the alleged deficiency plus interest without prejudice and sought a redetermination of their liability. Following a hearing, respondent denied petitioners' application. Respondent's decision was based on its conclusion that since Massachusetts had imposed the tax upon the trust, not upon Mrs. Smith, Mrs. Smith had not paid any income tax to Massachusetts and therefore was not entitled to a credit under Tax Law § 620 (a). Petitioners then commenced this CPLR article 78 proceeding. Special Term dismissed the petition. This appeal ensued.

Petitioners contend that since they had to report as New York income both the actual funds received from the trust and the amount of the trust fund which was used by the trustee to pay taxes owed to Massachusetts, they should be allowed a credit under Tax Law § 620 (a) for the amount of taxes paid to Massachusetts. We agree. Tax Law § 620 (a)

provides that: "A resident shall be allowed a credit against the tax otherwise due under this article for any income tax imposed for the taxable year by another state of the United States, a political subdivision of such state or by the District of Columbia, upon income both derived therefrom and subject to tax under this article." This provision was designed to protect New York residents from being subjected to double taxation (Memoranda of State Department of Taxation and Finance, NY Legis Ann, 1962, at 233).

Here, respondent required Mrs. Smith to include the taxes which were paid by the trust in her New York adjusted gross income. The resultant effect of this is that Mrs. Smith has borne the burden of paying the Massachusetts taxes. Having so borne the burden of the income taxes paid to Massachusetts, petitioners have constructively paid "income tax imposed for the taxable year by another state" and are thus entitled to a credit under Tax Law § 620 (a). The same criteria should apply to both computation of adjusted gross income and to the payment of out-of-State taxes directly from the trust. If petitioner is required to include the amount of the tax in her gross income, she must be given a credit for that amount. To hold otherwise would be arbitrary and capricious *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 195-196).

Judgment reversed, on the law, with costs, determination annulled, petition granted and matter remitted to respondent for further proceedings not inconsistent herewith. Kane, J. P., Casey, Mikoll and Levine, JJ., concur.