4 P.3d 1070

**Lisa Marie DAVIS, Brett Davis, and David L. Fowler, Plaintiffs–Appellants,**

v.

**ARIZONA DEPARTMENT OF REVENUE, Defendant–Appellee.**

No. 1 CA–TX 99–0010.

Court of Appeals of Arizona, Division 1, Department T.

April 27, 2000.

Walker Ryan, P.L.C. by Frank L. Migray, Phoenix, for Plaintiffs–Appellants.

Janet A. Napolitano, Arizona Attorney General by Kimberly J. Cygan, Assistant Attorney General, Phoenix, for Defendant–Appellee.

## OPINION

BERCH, Presiding Judge.

¶1 Lisa Marie Davis, Brett Davis, and David L. Fowler ("taxpayers") appeal from summary judgment for the Arizona Department of Revenue ("ADOR") on their challenge to ADOR's denial of credits on their individual tax returns for corporate income taxes paid to Hawaii by Kaloko Land Corporation, an S corporation. The question presented is whether S corporation shareholders are entitled to credits against their Arizona individual income tax liabilities for their pro rata shares of the corporate income tax paid by Kaloko Corporation to the State of Hawaii.

## BACKGROUND

¶2 For tax years 1990, 1991, and 1992, the taxpayers were Arizona residents who owned shares of stock in Kaloko Corporation ("Kaloko"), an S corporation.[1] From June 1967 to May 1989, Kaloko owned a parcel of real property in Hawaii, which it sold in 1989, through an installment contract, at a gain of $36 million. Kaloko received the installment payments and reported them as C corporation[2] income in Hawaii and as S corporation income for federal and Arizona tax purposes in 1990, 1991, and 1992. Consequently, Kaloko paid corporate income tax to Hawaii, but not to Arizona or the federal government, and the taxpayers paid individual income taxes on their pro rata shares of the corporate income to Arizona and the federal government, but not to Hawaii. Although eligible to elect S corporation status in Hawaii during the years in question, Kaloko chose not to exercise this option, "in part for financial reasons."

¶3 By statute, Arizona's legislature has deemed the Arizona adjusted gross income of Arizona residents to be the same as the resident's federal adjusted gross income. See Ariz. Re Stat. Ann. ("A.R.S.") § 43–1001(2) (1998); *Hamilton v. State*, 186 Ariz. 590, 596, 925 P.2d 731, 737 (1996). The taxpayers' federal income tax returns included their pro rata shares of Kaloko's net income; therefore, the taxpayers' Arizona gross incomes for each year also included their pro rata shares of Kaloko's net income.

¶4 For tax years 1990 and 1991, taxpayers Lisa Davis and Brett Davis each added their pro rata shares of Kaloko's Hawaii income taxes back into Arizona gross income in calculating their Arizona taxable incomes, and sought dollar-for-dollar credits against the resulting Arizona income tax liabilities for their pro rata shares of Kaloko's Hawaii cor-

1. Certain small, closely held corporations may elect S corporation status for federal income tax purposes. *See* 26 U.S.C. § 1366 (1995). This election enables the corporation to be treated essentially as a non-taxable pass-through entity allowing each shareholder to report as part of his or her gross income the shareholder's pro rata share of the corporation's income, losses, deductions, and credits, regardless whether the corporate net income is actually distributed to the shareholders. *See id.* Arizona exempts S corporations from its corporate income tax to the extent they are not subject to federal income taxation. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 43–1126(A) (1998). In Arizona, an S corporation need only file an annual informational return reflecting its shareholders' names, addresses, and pro rata shares of corporate income or loss. *See id.* § 43–1126(B).

2. Corporations are usually treated as separate legal entities responsible for paying taxes on their net income. *See generally* 26 U.S.C. § 11 *et seq.* Stockholders of C corporations are taxed only on distributions from the corporation or on capital gains if the stock is sold. *See generally* 26 U.S.C. §§ 1 and 61.

porate income taxes. Taxpayer Fowler did the same for tax years 1991 and 1992.

¶ 5 ADOR disputed the taxpayers' entitlement to the credits and denied their refund claims and assessment protests, asserting that Arizona law allows a credit only if the taxes paid to another state are imposed on and paid by the same taxpayer. *See* A.R.S. § 43–1071(A). After exhausting their administrative remedies, the taxpayers appealed to the tax court, where their actions were consolidated. On cross-motions for summary judgment, the tax court ruled for ADOR.

¶ 6 The taxpayers filed a timely notice of appeal.

## ANALYSIS

¶ 7 As they did in the tax court, the taxpayers contend on appeal that for the years in question they met each condition of the tax-credit statute at issue, A.R.S. section 43–1071(A), and that ADOR and the tax court erred in holding that they were not entitled to credits for their pro rata shares of the corporate income taxes paid by Kaloko to Hawaii. The taxpayers challenge the trial court ruling on two grounds. First, they contend that the plain language of A.R.S. section 43–1071(A) requires that a credit be given for any net income tax paid to another state as long as the same net income used to calculate that tax is also subject to Arizona individual income tax under chapter 10. Second, the taxpayers argue that disallowance of the credit violates Arizona's public policy against double taxation.

¶ 8 Section 43–1071(A) establishes a tax credit to an individual's Arizona income tax liability for income taxes paid to another state: "Subject to the following conditions,[3] residents shall be allowed a credit against the taxes imposed by this chapter for net income taxes imposed by and paid to another state or country on income taxable under this chapter...." The chapter to which the statute refers is Chapter 10 of Title 43 of Arizona Revised Statutes, which relates to personal income taxes.

### A. Statutory Interpretation

■ ¶ 9 "The primary rule of statutory construction is to find and give effect to

legislative intent." *Mail Boxes, Etc. v. Industrial Comm'n of Arizona,* 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). To determine intent, we look first to the statutory language and give the words used their ordinary meaning. *See id.*

¶ 10 The language of section 43–1071(A) does not explicitly address whether an individual taxpayer is entitled to a credit for taxes paid by a C corporation to another state when that corporation has elected S corporation status in Arizona. The taxpayers assert that the statute makes irrelevant the identity of the person or entity that paid the other jurisdiction's tax. All that matters, they maintain, is that the tax was one on net income that was also ultimately subject to taxation in Arizona under Chapter 10, Title 43. ADOR, on the other hand, interprets the statute as requiring that the taxpayer claiming a credit for taxes paid to another state must also have been the taxpayer responsible for paying those taxes.

■ ¶ 11 The tax court did not adopt either of the above interpretations of the statute. The judge reasoned that the credit provided by section 43–1071(A) was available only on income taxable under A.R.S. Title 43, Chapter 10, while the Hawaii income tax paid was a corporate tax, which in Arizona would have been imposed under A.R.S. Title 43, Chapter 11, and thus the Hawaii corporate tax could not serve as a basis for an Arizona credit because it was not income taxable under Chapter 10 of Arizona's Revised Statutes. The tax court recognized that Arizona treats corporations and individuals differently for income tax purposes, as evinced by each having a separate chapter in Arizona's tax statutes. It used the difference in treatment as grounds for denying the credit. We agree with the tax court's conclusion that corporations and individuals are different taxpaying entities and further conclude that because they are different taxpayers, one is not entitled to credit for tax paid by the other.

■ ¶ 12 As a starting point for our analysis, we note that tax statutes are construed strictly against a party who claims an exemp-

---

3. The conditions are not in dispute and are omit-      ted.

tion or a credit. *See Ebasco Services Inc. v. Arizona State Tax Comm'n,* 105 Ariz. 94, 99, 459 P.2d 719, 724 (1969). The taxpayers have failed to carry their burden of establishing that they are entitled to the credit claimed here.

¶ 13 The taxpayers cite several cases from other jurisdictions to bolster their position that this statute permits the credits they seek. While these authorities are instructive, none deals with a taxpayer's attempt to seek credit for taxes paid by a C corporation in which the taxpayer owns stock.[4] Moreover, because we are called upon to interpret the laws of this State, we begin our analysis with the Arizona authorities.

■ ¶ 14 We first examine ADOR's interpretation of section 43–1071(A), which supports our holding that the taxpayers are not entitled to the credit they seek. Although this Court is not bound by an agency's interpretation of a statute that it enforces, absent contrary legislative intent, we generally afford an agency's construction "great weight." *Romo v. Kirschner,* 181 Ariz. 239, 240, 889 P.2d 32, 33 (1995); *see also City of Mesa v. Killingsworth,* 96 Ariz. 290, 296, 394 P.2d 410, 414 (1964).

■ ¶ 15 Following the enactment of the 1978 Arizona Income Tax Act, of which A.R.S. section 43–1071(A) was a part, ADOR promulgated an administrative rule to assist in determining how and when the credit applies. *See* A.A.C. R15–2–1071 (effective Dec. 22, 1981). Section (B)(1) of the rule originally limited the credit at issue here to taxes

imposed "on the income . . . of the [Arizona resident] taxpayer." The rule has retained that limitation, even though the rule has otherwise been amended:

> D. A credit for taxes paid to another state shall be allowed to an individual taxpayer whose income is included in a composite income tax return [such as an S corporation return], filed to the other state, if all requirements under A.R.S. § 43–1071 are met and *the taxes paid to the other state are imposed upon and paid directly by the individual taxpayer and not by the entity.* Taxes shall be considered to be paid directly if the individual taxpayer makes direct remittance to the other state or to the entity filing the composite income tax return, or if the entity charges the individual's loan account for the amount of the tax.

*Id.* (effective Jan. 25, 1995, emphasis added). ADOR, therefore, explicitly requires that the taxpayer claiming the credit must have been responsible for and have paid the other state's tax. We find ADOR's interpretation of section 43–1071(A) reasonable. That the legislature has had several years to clarify the credit statute if it found this interpretation flawed provides additional support for ADOR's interpretation.

¶ 16 The history of the section 43–1071(A) credit also indicates that the legislature did not intend to provide a credit in taxpayers' situation. The predecessor of current section 43–1071 was section 43–128 (1955). *See Arizona Tractor Co. v. Arizona State Tax*

---

4. *See White v. Comm'r of Revenue,* 1995 WL 495912 (Minn.Tax 1995) (Minnesota statute permitted S corporation shareholder to claim credit for pro rata share of other state's net income tax paid by S corporation); *Herschend v. Dir. of Revenue,* 896 S.W.2d 458, 459 n. 3 (Mo.1995) (Missouri statute required S corporation shareholder to add pro rata share of corporation's Tennessee excise tax back into Missouri shareholder's personal income, thus treating shareholder as responsible for that share of Tennessee tax; credit allowed); *Smith v. New York State Tax Comm'n,* 120 A.D.2d 907, 503 N.Y.S.2d 169, 171 (1986) (New York statute required trust beneficiary to add pro rata share of trust's Massachusetts tax back into her New York adjusted gross income, thus treating her as personally responsible for that share of Massachusetts tax; credit allowed); *Tarrant v. Vermont Tax Dep't,* 733 A.2d 733, 742, 744 (Vt.1999) (credit allowed

to S corporation shareholder where corporation had been required to pay other state's corporate tax; lengthy dissent; statute since amended to disallow credit); *In re Matter of Baker,* [1989–1990 Transfer Binder] N.Y. State Tax Rep. (CCH) ¶ 253–320 (New York Tax Appeals Trib. Oct. 1990) (tax credit allowed for S corporation shareholder where the tax paid by the S corporation was an "income" tax and state did not oppose the credit); *James F. Matthews,* [1989–1990 Transfer Binder] N.Y. State Tax Rep. (CCH) ¶ 252–775 (State Tax Comm'r Adv. Op. Sept. 1989) (New York statute required S corporation shareholder to add pro rata share of corporation's North Carolina C corporation income tax back into New York personal adjusted gross income, thus treating shareholder as responsible for that share of North Carolina tax; credit allowed).

*Comm'n,* 115 Ariz. 602, 605, 566 P.2d 1348, 1351 (1977). In 1978, Arizona repealed the Arizona Income Tax Act of 1954 and replaced it with the Arizona Income Tax Act of 1978 ("the 1978 Act"). *See* 1978 Ariz. Sess. Laws, Ch. 213, §§ 1, 2 (effective Jan. 1, 1979). In section 43–128(a) of the repealed 1955 Act, in language almost identical to that in the statute at issue here,[5] the legislature provided a credit for taxes paid to another state by individuals. In the 1978 Act, the legislature also retained the credit granted to resident estate and trust beneficiaries.[6] The legislature did not, however, retain a former section that allowed a credit for an individual's .pro rata share of taxes paid by a partnership. *See* A.R.S. § 43–128(f) (1955) (repealed 1978).[7] Although the 1978 legislature retained the resident individual credit and estate and trust beneficiary credit in new A.R.S. section 43–1071, it enacted no analog to the former partnership tax credit. It would be illogical for the legislature to fail to reenact, and thereby repeal, a credit for the partnership form of · pass-through entity, while implicitly enacting a credit for the S corporation form of pass-through entity, especially in light of a new provision in the 1978 Act that ensured that an individual's pro rata share of income from a partnership or S corporation would be included in that individual's Arizona taxable income. *See* A.R.S. § 43–1001(2).

¶ 17 Arizona's lack of a provision to add back taxes deducted on the federal partnership or S corporation return in calculating an individual's pro rata share of income also suggests that the legislature did not intend to provide a credit in this situation. Taxes

paid by an S corporation to states are deducted on the S corporation's federal income tax return in calculating an individual shareholder's pro rata share of taxable income from the corporation. If the credit were allowed here, the individual shareholders would receive a credit on their individual tax returns for taxes that were already deducted to calculate their taxable income.[8] Arizona tax statutes generally prohibit deducting an expense item more than once. *See* A.R.S. § 43–102(B) (1998). We do not assume the legislature intended to allow taxpayers to both take a deduction and receive a credit for the taxes paid to Hawaii.

### B. Public Policy

■ ¶ 18 Finally, citing *Arizona Tractor,* 115 Ariz. at 605, 566 P.2d at 1351, taxpayers contend that the public policy of Arizona prohibits taxation of the same income by more than one state and that ADOR's disallowance of these credits results in such double taxation. *Arizona Tractor,* however, involved taxation by two states on the same income of the *same* taxpayer. *See id.* In this case, because Kaloko elected to file in Hawaii as a C corporation, an independent legal entity, not as an S corporation, a pass-through entity, the taxes at issue were paid by two separate tax-paying entities—taxpayers and Kaloko—and not by the same *legal* entity. *See State Tax Comm'n v. Television Servs., Inc.,* 108 Ariz. 236, 239, 495 P.2d 466, 469 (1972) ("A corporation and its stockholders are separate and distinct entities and the earnings of each are plainly separate and distinct subjects of taxation."); *see also Arizona Dep't of Revenue v. Short,* 192 Ariz.

5. "Subject to the following conditions, residents shall be allowed a credit against the taxes imposed by and paid to another state or country on income taxable under this title...." A.R.S. § 43–128(a) (1955) (repealed 1978).

6. The resident estate and trust beneficiary credit is provided in section 43–1071(G) in language almost identical to that which created the former credit in section 43–128(e).

7. Section 43–128(f) (1955) provided as follows:

(f) Credits, where net income tax levied on partnership as such

(1) A member of a partnership who is taxable on the income thereof shall, subject to the conditions prescribed in paragraphs (2)

and (3), be allowed a credit against the taxes imposed by this title on such income for net income taxes paid by the partnership to another state or country on such income.

8. The taxpayers concede that Arizona does not have a provision to add back to Arizona individual income another state's taxes deducted on their federal S corporation income tax return. The fact that the taxpayers in this case did add back Hawaii's income taxes deducted on Kaloko's federal return to their individual incomes, thereby avoiding an absurd result, is irrelevant. ADOR has no power to require taxpayers to add back the taxes and future taxpayers may choose not to do so.

322, 324–25, 965 P.2d 56, 58–59 (1998) (implicitly rejecting the taxpayers' contention that denying credits under A.R.S. section 43–1071(A) violates Arizona's public policy of not taxing the same income twice). We cannot extrapolate from one passing statement in a case that did not involve taxation of different taxpayers the broad public policy that taxpayers urge of requiring credit to one taxpayer for payments made by a related but independent taxpayer.

### CONCLUSION

¶ 19 Because the taxes paid to Hawaii were paid by Kaloko, a C corporation, and not by taxpayers, we hold that taxpayers failed to establish they were entitled to tax credits provided by section 43–1071(A). We therefore affirm the trial court's summary judgment for ADOR.

CONCURRING: JAMES B. SULT, Judge, and E.G. NOYES, JR., Judge.